IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL ADAMS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   CASE NO. 1:06-CV-00950-MEF |
| | ) |
| WAYNE FARMS LLC, etc., | ) |
| | ) |
|     Defendant. | ) |

**OBJECTION IN PART TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant, Wayne Farms LLC ("Wayne Farms"), objects in part to Plaintiffs' Motion for Leave to File Amended Complaint (doc. no. 14). Plaintiffs' motion, purportedly filed for the purpose of "resty[ling] this action as a proposed collective action under the FLSA," also seeks to add claims arising from paychecks issued to current and former Wayne Farms' employees more than three years before the commencement of this action. These additional claims are time-barred under 29 U.S.C. § 255. Plaintiffs' attempted amendment is clearly frivolous and, if allowed, would cause undue delay and expense in the resolution of this action, and undue prejudice to Wayne Farms. Accordingly, Wayne Farms asks the Court to deny Plaintiffs' motion for leave to amend the complaint. In support of this objection, Wayne Farms shows as follows:

    1.    Plaintiffs' complaint (doc. no. 1) alleges claims against Wayne Farms under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

    2.    Plaintiffs' sole expressed reason for amendment is "simply to restyle this action not only on behalf of themselves, but others 'similarly situated' as provided for by the collective action mechanisms of the FLSA so that Plaintiffs may proceed collectively." *Plaintiffs' Motion* (doc. no. 14) at ¶ 2. Plaintiffs' proposed amended complaint does, in fact, restyle the action to

identify the named Plaintiffs as: "Samuel Adams, Teresa Adams, Pamela Miller, and Zondra Shipmon, on behalf of themselves and all others similarly situated." Although that collective action allegation was made clearly in the complaint's body, and although Wayne Farms considers collective action inappropriate, it does not object to the Plaintiffs' proposed re-styling the case in such a manner, and asserts that the determination of a collective action, or not, is for another day.

3. However, without expressing any factual or legal ground for further amendment, Plaintiffs have offered an amended complaint which adds three years of claims to this action. Paragraph 9 of the original complaint provides:

> Plaintiffs are current and former Wayne Farms employees who work(ed) at the Wayne Farms facility within the <u>last three years, dating back to October 16, 2003</u>, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

Paragraph 9 of the proposed amended complaint provides:

> Plaintiffs are current and former Wayne Farms employees who work(ed) at the Wayne Farms Jack facility within the <u>last six years, dating back to October 16, 2000</u>, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

4. This amendment should be denied because it would be futile and wasteful. *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1996), which repeats the following quotation from *Forman v. Davis*, 371 U.S. 178 (1962), as the standard to be employed by a district court in considering a motion to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, <u>undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment</u>, etc. – the leave sought should, as the rules require, be "freely given."

175598.1                                2

371 U.S. at 182 (emphasis added); *see also Motorcity of Jacksonville, Ltd. v. Southeast Bank, N.A.*, 83 F.3d 1317, 1323, 1345 (11th Cir. 1996), *overruled on other grounds by Damiano v. FDIC*, 104 F.3d 328 (11th Cir. 1997) (affirming district court's denial of motion for leave to amend complaint where proposed new claims would be barred and, therefore, amendment would be futile); *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th Cir. 2003) (denying leave to amend complaint where such amendment would be futile because the statute of limitations had run at the time suit was filed); *Rodriquez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) ("A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations"). As discussed below, the proposed amendment seeking to add claims of current and former employees older than three years at commencement is clearly not "a proper subject of relief," and it clearly is futile.

5.      The FLSA provides a period of two years "after the cause of action accrued" in which to file a complaint for unpaid wages, overtime, or liquidated damages in federal or state court. *See* 29 U.S.C.A § 255(a). The FLSA limitations period is extended to three years after such causes of action accrue for violations that are "willful." *See id.* A cause of action accrues under the FLSA when the employer fails to pay the required compensation then due. *See Knight v. City of Columbus*, 19 F.3d 579, 581-83 (11th Cir. 1994). The precise date that the cause of action accrues is the regular payday on which the employee's paycheck for the workweek in question is normally issued. *See id.* The original complaint in this action was filed on October 20, 2006; consequently, a claim on any paycheck issued to a current or former Wayne Farms' employee more than three years before suit would be time-barred even under the extended statute

of limitations for willful violations of the FLSA.[1] Accordingly, Plaintiffs' proposed amended complaint, which seeks to add claims that accrued more than three years before commencement[2] is barred and futile, and should not be allowed by this Court.

6.  Allowing the amendment would also be unduly prejudicial to Wayne Farms. Wayne Farms would be forced to incur substantial and undue cost and expense in participating in discovery related to the claims which would be added by the amendment. Moreover, as these claims are clearly frivolous, they would ultimately be the subject of a motion to dismiss or for summary judgment on the same grounds asserted herein, all creating even further undue expense and unwarranted expenditure of Wayne Farms' and the Court's time.

7.  Plaintiffs' motion to amend should be denied because Plaintiffs have offered no factual or legal reason for inclusion of time-barred claims. Should Plaintiffs attempt to offer a factual or legal basis for the proposed amendment in any rebuttal of this objection, Wayne Farms requests leave to reply to any response of Plaintiffs.

---

[1] Although Wayne Farms denies any violation of the FLSA, much less a "willful" violation, it recognizes that Plaintiffs are at least entitled to plead "willfulness" without their claims being subject to immediate dismissal as long as those claims are within the three year statute of limitations. Of course, any claims that accrued more than two years before the filing of the complaint may ultimately be the subject of a motion for summary judgment on statute of limitations grounds if, after sufficient discovery, Plaintiffs are unable to meet their burden of proving a willful violation of the FLSA by Wayne Farms.

[2] Section 7 of the Portal-to Portal Act, 29 U.S.C. § 256, distinguishes between "individual" actions and "collective" actions for purposes of determining the date an action has commenced. Department of Labor Regulations provide that, under Section 6 of the Portal-to-Portal Act, an individual action is commenced on the date the complaint is filed; a collective action is not commenced as to each individual claimant, however, until the date that his or her individual consent is filed in court, if it was not so filed when the complaint was filed. *See* 29 C.F.R. § 790.21(b).

Respectfully submitted this 11th day of January, 2007.

                                                  s/Dorman Walker
                                                  One of the attorneys for Defendant

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101
334/269-3138
334/269-3115 (fax)

Lisa J. Sharp
Wendy Madden
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201
205/251-8100
205/488-5708 (fax)

R. Pepper Crutcher
Balch & Bingham LLP
401 East Capitol Street
Suite 200
Jackson, MS 39201
601/961-9900
601/961-4466 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on January 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

Joseph D. Lane
Lance Harrison Swanner
Samuel A. Cherry, Jr.
Cochran, Cherry, Givens, Smith,
  Lane & Taylor, P.C.
163 West Main Street
P. O. Box 927
Dothan, AL 36302

                                                    s/Dorman Walker
                                                    Of Counsel