IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL ADAMS, TERESA ADAMS, PAMELA MILLER, AND ZONDRA SHIPMON | PLAINTIFFS |
| VS. | CASE NO. 1:06-CV-00950-MEF |
| WAYNE FARMS LLC, A DELAWARE CORPORATION, DOING BUSINESS IN ALABAMA | DEFENDANT |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Wayne Farms LLC, answering the First Amended Complaint ("Complaint" hereafter) filed January 24, 2007, saying:

### FIRST AFFIRMATIVE DEFENSE

Contrary to the Complaint's Demand for Jury Trial at page 18, the Complaint states no claim for relief that may be granted under Alabama law.

### SECOND AFFIRMATIVE DEFENSE

Contrary to allegations beginning at line 1, page 1 of the Complaint, no Plaintiff in this action is entitled to bring any FLSA § 216(b) claim on behalf of any other person; rather, other persons may become parties to this action only upon filing their written consents and upon the Court's certification of the action pursuant to FLSA § 216(b). The FLSA does not permit Rule 23 class action

53604.2

certification. Further, all persons who have joined this action by filing consents are individual parties plaintiff, not just those named in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

The claims made in this action are expressly barred by the Portal to Portal Act of 1947.

### FOURTH AFFIRMATIVE DEFENSE

The claims made in this action are expressly barred by 29 U.S.C. § 203(o).

### FIFTH AFFIRMATIVE DEFENSE

The FLSA provides no private damage action for an employer's failure to keep all records required by the FLSA. Although Wayne Farms denies that it has failed to keep required records, only the Secretary of Labor may, through administrative procedures, collect civil monetary penalties for such failures.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the Complaint's allegations are barred by the FLSA's two year statute of limitations (or, alternatively, three years) or by the doctrine of laches, or both.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint seeks relief not available under the FLSA – simultaneous imposition of liquidated damages and pre-judgment interest.

### EIGHTH AFFIRMATIVE DEFENSE

Any Plaintiff who filed a bankruptcy proceeding following the alleged accrual of a claim made here lacks standing to assert that claim in this forum. His or her bankruptcy trustee is the proper party to assert any such claim.

### NINTH AFFIRMATIVE DEFENSE

Any Plaintiff who filed a bankruptcy proceeding following alleged accrual of the claim made here and who did not list that claim as an asset in the bankruptcy proceeding is judicially estopped to assert that claim here.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages lack merit and, if deemed sufficient, are limited by 29 U.S.C. § 216.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not taken due care to mitigate their alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

Denying any FLSA violation, Wayne Farms pleads alternatively that any violation found would arise from a Plaintiff's inequitable failure accurately to record his or her hours worked, so that the related claim would be estopped or would be barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Denying any FLSA violation, Wayne Farms pleads alternatively (a) that any violation was unintended, that Wayne Farms had reasonable grounds for believing that it was in compliance, that the violation occurred despite its good faith efforts to comply with the FLSA and (b) that no violation was willful.

## FOURTEENTH AFFIRMATIVE DEFENSE

Because the Complaint is too vague to enable Wayne Farms to determine exactly what practices are contested, Wayne Farms generally pleads all FLSA and Portal to Portal Act defenses and doctrines of limitation, including but not limited to the *de minimis* violation doctrine, the Portal to Portal Act exclusion of preliminary and post-liminary activity from hours worked and the custom and practice provision of 29 U.S.C. § 203(o).

## FIFTEENTH AFFIRMATIVE DEFENSE

For any week in which any Plaintiff worked under forty hours but was nonetheless paid wages for that week equivalent to the minimum wage required by the FLSA, such Plaintiffs are entitled to no further compensation from Defendant for those weeks.

## SIXTEENTH AFFIRMATIVE DEFENSE

Denying that they bear any burden to plead or to prove this matter, Defendant pleads alternatively that the Court should dismiss any duplicate claims

made by those Plaintiffs who have commenced or who joined more than one action asserting the claims made here.

Now, answering the Complaint's particular allegations, Wayne Farms says:

1. Wayne Farms denies all allegations of Complaint paragraph 1, except as admitted expressly hereafter. Each individual Plaintiff seeks in this action to recover under the FLSA allegedly unpaid wages, unpaid overtime wages, liquidated damages, costs, attorney's fees, declaratory judgment, and other relief the Court may deem appropriate.

2. Wayne Farms denies all allegations of Complaint paragraph 2, except as admitted expressly hereafter. Wayne Farms operates a chicken processing plant in or near Jack, Alabama.

3. Wayne Farms denies the allegations of Complaint paragraph 3, except as admitted expressly hereafter. In *IBP v. Alvarez*, 125 S.Ct. 514 (2005) the United States Supreme Court unanimously ruled that certain payroll practices of certain employers unrelated to this Defendant failed to comply in some respects with the FLSA. The payroll practices at issue in *Alvarez* were markedly different than those at issue in this case, a fact of which Plaintiffs were aware or should have been aware when they commenced this action. Heedless however, the Plaintiffs have filed against Wayne Farms a Complaint virtually identical to other complaints filed recently against other plants and other employers. *See Bonds, Et Al. v. Gold*

53604.2

5

*Kist, Inc.,* N.D. AL. 3:06-CV-01981 (filed 2 October 2006); *Carlisle, Et Al. v. Gold Kist, Inc.,* N.D. AL. 4:06-CV-01982 (filed 2 October 2006); *Atchison, Et Al. v. Gold Kist, Inc.,* N.D. AL. 4:06-CV-01983 (filed 2 October 2006), *Bolden, Et Al. v. Wayne Farms LLC,* N.D. AL. 5:06-CV-2096 (filed 20 October 2006), *Adams, Et Al v Wayne Farms LLC,* M.D. AL. 1:06-CV-950-MEF (filed 20 October 2006), *Anderson, Et Al. v. Wayne Farms LLC,* M.D. AL. 2:06-CV-951-ID (filed 20 October 2006), *Ackles, Et Al. v. Tyson Foods, Inc.,* N.D. AL 1:06-CV-02249-KOB (filed 23 October 2006), *Benford, Et Al. v. Pilgrim's Pride Corporation,* N.D. AL 5:06-CV-02337-TMP (filed 2 October 2006), and *Anderson, Et Al. v. Perdue Farms Incorporated,* M.D. AL 1:06-CV-01000-WKW-WC.

4. Wayne Farms denies the allegations of Complaint paragraph 4.

5. Wayne Farms denies all allegations of Complaint paragraph 5, except as admitted expressly hereafter. Defendant's Jack, Alabama employees perform multiple tasks.

## JURISDICTION AND VENUE

6. Wayne Farms denies all allegations of Complaint paragraph 6, except as admitted expressly hereafter. The FLSA authorizes a suit by private parties to recover specified damages for violation of the FLSA's requirement that covered employers pay non-exempt employees specified minimum wages and overtime

53604.2

compensation for each work week. The Court has subject matter jurisdiction of this action's federal questions pursuant to 28 U.S.C. § 1331.

7. Wayne Farms denies all allegations of Complaint paragraph 7, except as admitted expressly hereafter. This district and division is a proper venue for this action pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

8. Wayne Farms denies all allegations of Complaint paragraph 8, except as admitted expressly hereafter. Wayne Farms LLC is a Delaware limited liability company with its principal place of business in Georgia.

9. Wayne Farms denies all allegations of Complaint paragraph 9 for lack of information, except as admitted expressly hereafter. Wayne Farms has employed persons named Samuel T. Adams, Teresa V. Adams, Willie Austin, Melissa Daniels, Mary E. Jones, Marilyn McNabb, Pamela Miller, Clifton Mulkey, Stanley Mulkey, Zondra V. Shipmon, Blenda Ryles Still, Victoria Stoudmire, Eddie Thomas and Willie Whaley at its Jack, Alabama plant at times during the two or three year limitation period.

10. Wayne Farms admits the allegations of Complaint paragraph 10.

11. Wayne Farms admits the allegations of Complaint paragraph 11 with the exceptions noted here. Second Processing does not include further processing,

preparation, marination, weighing, sizing, packing or loading onto trucks for delivery to plant customers.

12. Wayne Farms denies the allegations of Complaint paragraph 12 for lack of information, but admits that it employs a Samuel T. Adams as a Live Hanger.

13. Wayne Farms denies the allegations of Complaint paragraph 13 for lack of information, but admits that it employs a Perimeter Lead Person named Teresa V. Adams, that it employers a Leg Processing Lead Person named Pamela Miller and that it employs a Deboning Laborer named Zondra V. Shipmon.

14. For lack of information about the true identities of the Plaintiffs, Wayne Farms denies the allegations of Complaint paragraph 14.

## **GENERAL ALLEGATIONS**

15. Wayne Farms denies all allegations of Complaint paragraph 15, except as admitted expressly hereafter. As part of their preliminary activities lawfully excluded from FLSA "hours worked," Defendant's Jack employees pass a security check point when entering Defendant's property.

16. Wayne Farms denies all allegations of Complaint paragraph 16, except as admitted expressly hereafter. Many production employees of Wayne Farms' Jack plant, at some time after entering the plant, go to a designated area or areas to obtain clothing and/or personal protective equipment, some of which is

required for the work to be performed and some of which is furnished for the convenience or comfort of the employee, though not required for the work to be performed. Those employees don clothing and personal protective equipment before beginning their work on the production line. Some of this clothing and personal protective equipment must be washed at certain times during the work day; some need not be washed. A few employees of Wayne Farms' Jack, Alabama plant work with special tools.

17.  Wayne Farms denies the allegations of Complaint paragraph 17.

18.  Wayne Farms denies all allegations of Complaint paragraph 18, except as admitted expressly hereafter. Wayne Farms owns and operates a poultry processing facility in or near Jack, Alabama.

19.  Wayne Farms denies the allegations of Complaint paragraph 19.

20.  Wayne Farms denies the allegations of Complaint paragraph 20.

21.  Wayne Farms denies the allegations of Complaint paragraph 21.

22.  Wayne Farms denies the allegations of Complaint paragraph 22.

23.  Wayne Farms denies the allegations of Complaint paragraph 23.

24.  Wayne Farms denies the allegations of Complaint paragraph 24.

25.  Wayne Farms denies the allegations of Complaint paragraph 25.

## COLLECTIVE ACTION ALLEGATIONS

26. Wayne Farms denies all allegations of Complaint paragraph 26, except as admitted expressly hereafter. Plaintiffs seek to bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b), but have not so far obtained the Court's permission to proceed accordingly. The indented, single-spaced paragraph class description included in Complaint paragraph 26 is an argument, rather than a description of jobs affected by the allegedly non-compliant payroll practices. In addition, the limitations period for Plaintiffs who filed consents after the Complaint's filing is measured from the consent's filing, rather than from the Complaint's filing.

27. Wayne Farms denies all allegations of Complaint paragraph 27, except as admitted expressly hereafter. If permitted by the Court, Wayne Farms employees with timely claims, who timely elect to opt-in to this action, may be permitted to join the action as Plaintiffs, subject to all other applicable defenses, burdens and limitations of their rights.

28. Wayne Farms denies all allegations of Complaint paragraph 28, except as admitted expressly hereafter. Each individual Plaintiff seeks relief for FLSA violations alleged in the Complaint, and Plaintiffs together seek the Court's certification to proceed as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

29. Wayne Farms denies the allegations of Complaint paragraph 29 for lack of information.

30. Wayne Farms denies the allegations of Complaint paragraph 30.

31. Wayne Farms denies the allegations of Complaint paragraph 31 for lack of information.

32. Wayne Farms denies the allegations of Complaint paragraph 32 for lack of information.

33. Wayne Farms denies the allegations of Complaint paragraph 33 for lack of information.

34. Wayne Farms denies the allegations of Complaint paragraph 34 for lack of information.

35. Wayne Farms denies the allegations of Complaint paragraph 35 for lack of information.

36. Wayne Farms denies the allegations of Complaint paragraph 36 for lack of information.

37. Wayne Farms denies the allegations of Complaint paragraph 37.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

**(BROUGHT AGAINST DEFENDANT BY ALL INDIVIDUALLY NAMED PLAINTIFFS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)**

38.	In Complaint paragraph 38, Plaintiffs have reasserted and incorporated by reference Complaint paragraphs 1-37. In response, Wayne Farms reasserts and incorporates by reference its responses to Complaint paragraphs 1-37, as well as its affirmative defenses.

39.	Defendant admits the allegations of Complaint paragraph 39, if, as alleged, the Plaintiffs have been non-exempt Wayne Farms employees within the relevant limitations period; otherwise not.

40.	Wayne Farms denies the allegations of Complaint paragraph 40.

41.	Wayne Farms denies the allegations of Complaint paragraph 41.

42.	Wayne Farms denies the allegations of Complaint paragraph 42.

43.	Wayne Farms denies the allegations of Complaint paragraph 43.

44.	Wayne Farms denies the allegations of Complaint paragraph 44.

45.	Wayne Farms denies the allegations of Complaint paragraph 45.

46.	Wayne Farms denies the allegations of Complaint paragraph 46.

47.	Wayne Farms admits the allegations of Complaint paragraph 47.

48.	Wayne Farms denies all allegations of Complaint paragraph 48, except as admitted expressly hereafter. With regard to its non-exempt employees, Wayne Farms is subject to the FLSA's overtime pay requirements.

49. Wayne Farms admits the allegations of Complaint paragraph 49, as of the moment of this Answer, reserving its right to amend this Answer should one or more Plaintiffs become exempt.

50. Wayne Farms denies the allegations of Complaint paragraph 50.

51. Wayne Farms denies the allegations of Complaint paragraph 51.

52. Wayne Farms denies the allegations of Complaint paragraph 52.

53. Wayne Farms denies the allegations of Complaint paragraph 53.

54. Wayne Farms denies all Complaint allegations not expressly admitted in this Answer, including the allegations made in the Complaint's prayer for relief, appearing at Complaint pages 16 - 18.

WHEREFORE, PREMISES CONSIDERED, Wayne Farms LLC prays that the Court will enter final judgment after due proceedings, dismissing the First Amended Complaint entirely, with prejudice, taxing to the Plaintiffs all costs of the action and ordering the Plaintiffs to reimburse Defendant's other costs and litigation expenses, including attorney fees.

Respectfully submitted this 2nd day of February, 2007.

> WAYNE FARMS LLC
>
> BY: BALCH & BINGHAM LLP
>
> s/R. Pepper Crutcher, Jr.
> (Bar # MB 7921)
> Attorney for Defendant

>Balch & Bingham LLP
>401 East Capitol Street
>Suite 200
>Jackson, MS 39201
>Telephone (601) 965-8158
>Fax (888) 254-2607
>pcrutcher@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Lance Harrison Swanner**
Cochran Cherry Givens & Smith, PC
PO Box 927
Dothan, AL 36302-0927
334-793-1555
Fax: 836-2500
Email: lanceswanner@cochranfirm.com

**Richard Celler**
Morgan & Morgan PA
284 South University Drive
Fort Lauderdale, AL 3324
US
877-435-9243
Fax: 954-333-3515

**Samuel A. Cherry, Jr.**
Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
163 W. Main Street
P. O. Box 927
Dothan, AL 36302

334-793-1555
Fax: 334-836-2500
Email: scherry@cochranfirm.com

**Bernard D Nomberg**
The Cochran Firm
505 North 20th Street
Suite 825
Birmingham, AL 35203
205-930-6900
Fax: 205-930-6910
Email: bnomberg@cochranfirm.com

**Robert Joseph Camp**
The Cochran Firm
505 North 20th Street
Suite 825
Birmingham, AL 35203
205-244-1115
Fax: 205-244-1171
Email: rcamp@cochranfirm.com


**Dorman Walker**
Balch & Bingham
PO Box 78
Montgomery, AL 36101-0078
334-834-6500
Fax: 334-269-3155
Email: dwalker@balch.com

**Lisa Johnson Sharp**
Balch & Bingham
PO Box 306
Birmingham, AL 35201-0306
205-226-8714
Fax: 205-266-8798
Email: lsharp@balch.com

        <u>s/ R. Pepper Crutcher, Jr.</u>
        Of Counsel